## Sarah S. Packard *vs.* Barnabas Lawrence.

The omission to file in the court of common pleas, on the entry of a bastardy process, of a certified copy of the preliminary proceedings before a magistrate, does not divest the jurisdiction of the court, and is no ground for dismissing the complaint, if the complainant offers to file such a copy before a hearing.

Bastardy process, entered in the court of common pleas at February term 1859. At October term 1859 of the superior court, (to which the case had been transferred under *St.* 1859, *c.* 196,) *Putnam*, J. dismissed the case for want of jurisdiction, and the complainant alleged exceptions, the substance of which is stated in the opinion.

*J. D. Colt & A. J. Waterman*, for the respondent, were first called upon, and cited *Hyde* v. *Chapin*, 6 Cush. 67; *Hill* v. *Wells*, 6 Pick. 104; *Cummings* v. *Hodgdon*, 13 Met. 249; *McCall* v. *Parker*, 13 Met. 372; *Smith* v. *Hayden*, 6 Cush. 113; *Chapel* v. *White*, 3 Cush. 539.

*H. S. Briggs*, for the complainant.

Dewey, J.   At the third term of the pendency of this pro-cess, the defendant moved that the same be dismissed, because no written complaint, accusation and examination of the com-plainant before the magistrate before whom these proceedings took place had been returned and filed in the case, and no record thereof duly certified, returned and filed there.   Upon such motion having been made, and before the trial, the com-plainant offered and asked leave to file proper certified copies of the proceedings before the magistrate, and to proceed to a trial of the case.   It appears that the bond of the defendant taken by the magistrate was duly returned and filed at the first term; also that a formal complaint adapted to the state of the case, and upon which the trial would be had, was also duly filed at the first term and concurrently with the entry of the case on the clerk's docket, and that in answer thereto the defendant had duly filed an affidavit of merits and defence.   In this state of facts, in the opinion of this court, the case was such as to authorize and require further proceedings.   The omission to file a certified copy of the proceedings before the magistrate at the time of the entry of the case, or during the first term, did not divest the jurisdiction of the court, although it might be a sufficient rea-son for declining to submit the case to a hearing without such duly certified copy.

In the case of *Commonwealth* v. *Doty*, 2 Met. 18, where it was held that the defendant could not be legally convicted on an appeal from a justice of the peace, unless the justice had trans-mitted certified copies of the proceedings before him, yet it did not lead to a dismissal of the case for want of jurisdiction, but the opportunity for a further hearing of the case was given whenever proper certified copies should be transmitted.   We think here the exceptions must be sustained, and the case stand for trial upon filing duly authenticated copies of the proceedings before the magistrate.        *Exceptions sustained.*